**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Waddell, | No. CV-05-0092-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Equifax Information Services, LLC, a Georgia limited liability company; *et al.*, | |
| Defendants. | |

Plaintiff Christina Waddell alleges that Defendants First North American National Bank ("FNANB"), First Tennessee Mortgage Services, Inc. (also referred to as First Tier Bank & Trust) ("First Tier"), and Equifax Information Services LLC ("Equifax") violated provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). First Tier was dismissed as a Defendant on September 12, 2005, and FNANB was dismissed as a Defendant on March 14, 2006. Dkt. ##33, 51. Pending before the Court is Defendant Equifax's motion for summary judgment. Dkt. #58. Plaintiff has filed a response and Equifax has filed a reply. Dkt. ##64, 67. For the reasons set forth below, the Court will grant Equifax's motion for summary judgment in part.[1]

---

[1] The Court will deny the request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

### I.     Background.

On May 8, 2003, Plaintiff received a copy of her Equifax credit file. The credit file included one notation of an account review inquiry by FNANB **on January 15, 2003, and two notations of account review inquiries by First Tier, one on December 6, 2002 and a second on February 24, 2003**. Dkt. #65 Ex. 4. Plaintiff wrote to Equifax on May 19, 2003, noted the FNANB and First Tier account reviews, and stated that by June 15, 2003 she expected "to receive written notice of an address where I can contact these companies." Dkt. #60 ¶ 15.

In response, Equifax deleted its notation of the three account review inquiries in Plaintiff's credit file. Dkt. #60 ¶ 17. On May 26, 2003, Equifax sent a letter to Plaintiff stating that the three account review inquiries had been deleted, but the letter did not include the addresses for FNANB or First Tier as Plaintiff had requested. Dkt. #65 Ex. 7. The letter contained a copy of Plaintiff's credit file dated May 26, 2003, showing the account review inquiries were removed. *Id.*

Plaintiff filed a complaint against Defendants on January 10, 2005 seeking actual, statutory, and punitive damages, and costs and attorney's fees, for violation of the FCRA.

### II.    Summary Judgment Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Summary judgment may be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III.   The Fair Credit Reporting Act.

The purpose of the FCRA is "to require that consumer reporting agencies adopt

reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). Section 1681g of the FCRA sets out the requirements that an agency should follow in making disclosures to consumers. "The FCRA provides for compensation in the form of actual damages and attorneys' fees if a consumer reporting agency negligently fails to comply with any provision of the FCRA." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332 (9th Cir.1995) (citing 15 U.S.C. § 1681o). A consumer can also recover punitive damages from a defendant for willful non-compliance with the FCRA. *Id.* (citing 15 U.S.C. § 1681n).

## IV. Plaintiff's Section 1681 Claims.

Plaintiff claims that Equifax violated the FCRA by (1) failing to provide Plaintiff with the addresses for FNANB and First Tier, and (2) unilaterally deleting the three account review inquiries from Plaintiff's credit file.

### A. Plaintiff's Claim that Equifax Failed to Provide Information in Violation of 15 U.S.C. § 1681g

The disclosure requirements of § 1681g are explicit: "Every consumer reporting agency shall, upon request . . . clearly and accurately disclose to the consumer [the] . . . [i]dentification of each person . . . that procured a consumer report" during the previous year. 15 U.S.C. § 1681(g)(a). If the consumer requests them, the identification must include the address and telephone number of the person that procured the consumer report. 15 U.S.C. § 1681g(a)(3)(B)(ii).

Equifax does not dispute knowing of its FCRA obligation to respond to a consumer's requests for address or contact information regarding inquiries on the consumer's credit file. Nor does Equifax claim that it provided Plaintiff with the requested addresses. Dkt. #60 ¶ 12. Equifax instead contends that it is not strictly liable for its failure to comply with the FCRA – that Plaintiff must show that Equifax acted negligently or willfully before recovering damages under § 1681g. Dkt. #59.

Section 1681e(b) of the FCRA requires a credit reporting agency to follow

1  "reasonable procedures to assure maximum possible accuracy of the information" in the
2  consumer reports it prepares. Because there is no similar provision in § 1681g, the Court
3  must decide whether the defense of reasonable procedures is available to a consumer
4  reporting agency accused of violating § 1681g. The Court concludes that the defense is
5  available.

6  In *Thomas v. Trans Union, LLC*., the district court noted that "[c]ourts regularly hold
7  that FCRA does not impose strict liability on an agency." 197 F. Supp. 2d 1233, 1237 (D. Or.
8  2002) (citations omitted). The FCRA contains a general requirement to maintain reasonable
9  procedures, found in § 1681(b), while § 1681e(b) requires a consumer reporting agency to
10 follow reasonable procedures to assure the accuracy of consumer credit reports. *See* 15
11 U.S.C. § 1681(b), e(b). After examining this structure, *Thomas* concluded that the
12 "reasonable procedures defense" applies to alleged violations of § 1681i:

> It is logical that a consumer reporting agency should not be liable under FCRA for an employee's isolated mistakes in the face of the agency having and enforcing reasonable procedures to fulfill its FCRA obligations. Indeed, the reasonable procedures defense "is designed to protect users of credit information who consistently abide by the law but who, in dealing with hundreds or thousands of instances, ultimately, by commission or omission, inadvertently violate the law in isolated instances."

17 197 F. Supp. 2d at 1237 (citation omitted). The Court agrees with this view of the FCRA and
18 concludes that the reasonable procedures defense is available for alleged violations of
19 § 1681g.

20 In this case, Plaintiff's communication to Equifax clearly indicated that she sought
21 address information on FNANB and First Tier. Dkt. #60 ¶ 15. As Plaintiff points out,
22 Equifax could have "simply fulfilled its requirements under the FCRA and provided Plaintiff
23 with the identification information." Dkt. #64.

24 Equifax contends that it followed reasonable procedures in this case. While the
25 reasonableness of Equifax's conduct may ultimately be a defense, it is a fact question the jury
26 must decide. *See Thomas*, 197 F. Supp. 2d at 1238 (stating that the "reasonable procedures
27 defense creates a jury question").; *see also Thomas,* 214 F. Supp. 2d 1228, 1237 (same);
28 *Guimond*, 45 F.3d at 1333 (stating that reasonableness will be a jury question "in the

- 4 -

overwhelming majority of cases"). The Court will therefore deny Equifax's motion for summary judgment regarding Plaintiff's § 1681g claim.

### B. Plaintiff's Claim that Equifax Deleted Information in Violation of 15 U.S.C. § 1681g.

Plaintiff contends that Defendant's deletion of the three account review inquiries from her credit file violated FCRA § 1681g(a)(3)(A). Dkt. #1 ¶ 49. But this provision of the statute describes the requirement to disclose identification information to the consumer; it does not address the deletion of information from a consumer's credit file. Thus, under the plain language of the statute, Plaintiff cannot bring an action under this provision for the deletion of information from Plaintiff's credit file. Plaintiff does not allege that the deletion violated any other sections of the FCRA. The Court therefore will grant Equifax's motion for summary judgment regarding the § 1681g claim for deletion of information from Plaintiff's credit file.

## V. Damages.

"The FCRA provides for compensation in the form of actual damages and attorneys' fees if a consumer reporting agency negligently fails to comply with any provision of the FCRA. In addition, a consumer can recover punitive damages for willful non-compliance." *Guimond*, 45 F.3d at 1332 (citations omitted). Plaintiff "has the burden of proving that [her] damages were caused by the defendant's violations of the FCRA." *Zala v. Trans Union*, No. 99-CV-0399, 2001 WL 210693, at *6 (N.D. Tex. Jan. 17, 2001) (citation omitted).

Plaintiff alleges that Equifax's failure to provide her the addresses for FNANB and First Tier resulted in actual damages, including emotional distress and two days of lost work. Dkt. #65 ¶¶ 31-34. Equifax contends that Plaintiff cannot prove she sustained any damages.

### A. Actual Damages for Lost Work.

Plaintiff claims she lost two days of work because she was under emotional distress after she received Equifax's correspondence, which did not include the requested addresses for FNANB and First Tier. Dkt. #65 ¶ 30. Equifax contends that the Plaintiff's only claim for economic damages are for lost time at work, and that Plaintiff did not lose any pay during

1  that time. Dkt. #60 ¶ 23. Plaintiff admits that she did not lose any wages, asserting that she
2  utilized two of her sick days instead. Dkt. #65 ¶ 32.

3  If a violation of the FCRA is established, Plaintiff may be entitled to compensation
4  for use of her sick-leave entitlement because the use diminished the amount of leave
5  available for any future sickness. Whether or not Plaintiff suffered financial damage as a
6  result of losing the two days of leave must be determined on the basis of the evidence
7  presented at trial. The Court will therefore deny Equifax's motion for summary judgment
8  regarding actual damages for lost work.

9  **B.  Emotional Distress Damages.**

10  Damages recoverable under the FCRA "include humiliation or mental distress, even
11  if the consumer has suffered no out-of-pocket losses" due to a denial of credit. *Stevenson v.*
12  *TRW Inc.*, 987 F.2d 288, 296 (5th Cir. 1993). "Courts have allowed recoveries where
13  . . . the plaintiff suffered mental anguish based on events other than a denial of credit." *Zala*,
14  2001 WL 210693, at *7 (citations omitted); *see Guimond,* 45 F.3d at 1333 ("[N]o case has
15  held that a denial of credit is a prerequisite to recovery under the FCRA.").

16  Plaintiff claims that Equifax's failure to provide the requested address information
17  caused her emotional distress severe enough to result in physical symptoms. Dkt. #64.
18  Plaintiff claims that Equifax's actions caused her to cry, have her spine tighten up, raise her
19  blood pressure, and have a panic attack. *Id.* Plaintiff also claims that her relationships with
20  her daughter and husband were negatively affected. *Id.*

21  Equifax contends that Plaintiff's allegations are insufficient evidence of emotional
22  distress. Dkt. #59. "The Ninth Circuit has not addressed the type of evidence necessary to
23  support an award of emotional distress damages under the FCRA, but has stated in other
24  contexts that '[w]hile objective evidence requirements may exist in other circuits, such a
25  requirement is not imposed by case law in the Ninth Circuit, or the Supreme Court.'" *Acton*
26  *v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1101 (D. Ariz. 2003) (citing *Zhang v. Am. Gem*
27  *Seafoods, Inc.,* 339 F.3d 1020, 1040 (9th Cir. 2003) (holding in a discrimination action that
28  the plaintiff's "testimony alone is enough to substantiate the jury's award of emotional

1  distress damages") (ellipsis and citations omitted)); *see Johnson v. Hale*, 13 F.3d 1351, 1352-
2  53 (9th Cir. 1994) (recognizing that "compensatory damages may be awarded for humiliation
3  and emotional distress established by testimony or inferred from the circumstances, whether
4  or not plaintiffs submit evidence of economic loss or mental or physical symptoms.").

5  Viewing the evidence in the light most favorable to Plaintiff, as the Court must do at
6  this summary judgment stage, the Court concludes that Plaintiff's evidence of emotional
7  distress damages is sufficient to create a question of fact for the jury. The Court therefore
8  will deny Equifax's motion for summary judgment regarding emotional distress damages.

9  **C.    Punitive and Statutory Damages.**

10  Section 1681n provides for the recovery of statutory and punitive damages for willful
11  noncompliance with the FCRA. *See* 15 U.S.C. § 1681n(a)(1)-(2). "Willful noncompliance
12  occurs only when a defendant knowingly and intentionally commits an act in conscious
13  disregard for the rights of others." *Zala*, 2001 WL 210693, at *8 (citations omitted).
14  "[A]lthough the [willful] act must be intentional, it need not be the product of 'malice or evil
15  motive.'" *Reynolds v. Hartford Fin. Serv. Group, Inc.,* 435 F.3d at 1081, 1098 (9th Cir.
16  2006). "[A]s used in FCRA 'willfully' entails 'a 'conscious disregard' of the law, which
17  means 'either knowing that policy [or action] to be in contravention of the rights possessed
18  by consumers pursuant to the FCRA or in reckless disregard of whether the policy [or action]
19  contravened those rights.'" *Id.* (citation omitted).

20  Plaintiff has produced no evidence to show that Equifax's failure to disclose the
21  requested addresses was anything other than negligence. Indeed, Plaintiff admitted in her
22  deposition that she possessed no evidence that Equifax acted with malice or an intent to harm
23  her, or consciously disregarded her rights. Dkt. #60 ¶ 26 (citing Pl.'s Dep. 112:13-18, Mar.
24  8, 2006). Although Plaintiff subsequently stated in an affidavit that she "believed"
25  Equifax's actions were intended to cover its illegal actions of providing account review credit
26  reports to companies that did not have a present credit relationship with Plaintiff, she
27  provided no evidence in support of this assertion. Dkt. #65 ¶ 19 (citing Pl.'s Aff. ¶ 9).
28  / / /

Plaintiff also argues that Equifax had no policy in place to provide the FNANB and First Tier addresses to Plaintiff, a fact, she contends, from which the jury could find recklessness sufficient to support an award of punitive damages. But Plaintiff cites only the deposition of defense witness Christien Sapere in support of this argument (Dkt #65, ¶ 28), and Ms. Sapere testified that Equifax had such a policy (Dkt. #65, Ex. 1 at 58). Moreover, Equifax provided additional evidence of such a policy. Dkt. #60, ¶ 12. Plaintiff has presented no evidence from which a jury could conclude that Equifax lacked the policy.

Plaintiff also suggests that a jury could conclude that Equifax acted recklessly in permitting FNANB and First Tier to access Plaintiff's credit file, but Plaintiff has not sued Equifax for granting such access. Plaintiff's claim is limited to Equifax's failure to provide addresses and its unilateral deletion of the three inquiry notations from her credit file.

Finally, Plaintiff suggests that the jury could award punitive damages for Equifax's unilateral deletion of the inquiry notations. As noted above, however, that claim will be eliminated by summary judgment.

Because Plaintiff has failed to produce evidence showing that Equifax's action in this case amounted to willful noncompliance, the Court will grant Equifax's motion for summary judgment on punitive and statutory damages. *See Celotex*, 477 U.S. at 322.

**II IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. #58) is **granted in part** and **denied in part** as set forth in this order.

2. The Court will set a final pretrial conference by separate order.

DATED this 14th day of September, 2006.

David G. Campbell
United States District Judge